# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY T. PARKER,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br>CMRE FINANCIAL SERVICES, INC.; SAN DIEGO RESEARCH CENTER, INC.; and PARADISE VALLEY HOSPITAL,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 07cv1302 JM(AJB)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO STRIKE |

Defendant CMRE Financial Services, Inc. ("CMRE") moves to dismiss the Fair Debt Collection Practices Act ("FDCPA") claim under Rule 12(b)(6) on the ground that its statutory notice complied with governing legal principles as a matter of law. Plaintiff Mary T. Parker ("Ms. Parker") opposes the motion and separately moves, pursuant to Rule 12(f), to strike portions of CMRE's reply brief. By stipulation, on September 14, 2007 defendant Paradise Valley Hospital was dismissed as a party; and defendant San Diego Research Center, Inc. did not file a response to the motions. Pursuant to Local Rule 7.1(d)(1), these matters are appropriate for decision without oral argument. For the reasons set forth below, the court dismisses the only federal claim, declines to exercise supplemental jurisdiction over the state law claims, and denies Ms. Parker's Rule 12(f) motion. The Clerk of Court is instructed to close the file for lack of subject matter jurisdiction over the action.

## BACKGROUND

Plaintiff commenced this federal question action on July 18, 2007 alleging a single federal claim against CMRE only for violation of FDCPA. Plaintiff also alleges state law claims for negligence and violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ.Code §§1788-1788.32. Plaintiff alleges that the court has supplemental jurisdiction to entertain the state law claims alleged against all Defendants. Pertinent to Ms. Parker's claims against CMRE, Plaintiff alleges that defendant Paradise assigned a debt for collection to CMRE, a company in the business of collecting debts. (First Amended Complaint, "FAC," ¶ 41). Plaintiff alleges that CMRE violated the FDCPA by providing a notice that did not comply with the statutory notice provisions of 15 U.S.C. §1692g(a)(4). (FAC ¶¶ 46-48; Oppo at pp. 3-7). In pertinent part, the notice provides:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor.

(FAC, Exh. 1).

CMRE moves to dismiss the FDCPA claim on the ground that the disputed notice, attached as an exhibit to the FAC, complies with the statutory notice requirements as a matter of law. Plaintiff opposes the motion.

**The Motion to Dismiss**

<u>Legal Standards</u>

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are

1  insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp</u>
2  <u>v. Twombly</u>, __550 U.S. __, 127 S.Ct. 1955 (2007). The defect must appear on the face
3  of the complaint itself. Thus, courts may not consider extraneous material in testing its
4  legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991).
5  The courts may, however, consider material properly submitted as part of the complaint.
6  <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.
7  1989).

8      Finally, courts must construe the complaint in the light most favorable to the
9  plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116
10 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in
11 the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v.</u>
12 <u>Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of
13 law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In</u>
14 <u>Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

15     <u>The Motion</u>

16     The sole issue is whether the statutory notice provided by CMRE complies with
17 the notice provisions of 15 U.S.C. §1692g(a)(4), which provide:

> **(a) Notice of debt; contents**
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing
>
>     (1) the amount of the debt;
>
>     (2) the name of the creditors to whom the debt is owed;
>
>     (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>     (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

In analyzing claims under the FDCPA, the behavior of debt collectors is measured under the rubric of the "least sophisticated debtor." Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1171 (9th Cir. 2006). "This objective standard 'ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous." Id. (quoting Clomon v. Jackson, 988 F2d 1314, 1318-19 (2d Cir. 1993)). In assessing a debt collector's actions, the court asks whether the information provided by the debt collector is confusing or misleading. The court "seek[s] to ensure that even the least sophisticated debtor is able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process." Id.

A debt collector satisfies §1692g's notice requirements when "the notice Congress required [is] conveyed effectively to the debtor. It must be large enough to be easily read and sufficiently prominent to be noticed . . . [and it] must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." Terran v. Kaplan, 109 F.3d 1428, 1432 (9th Cir. 1997).

Here, Plaintiff challenges the second sentence in the fourth paragraph of the statutory notice which provides, "If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." (FAC, Exh. 1).[1] Looking only to this one sentence, and no other portion of the statutory notice, Plaintiff claims the sentence omits any reference to the phrase "or any portion thereof"

---

[1] Ordinarily, the factual basis for determinations of law are not properly addressed on a motion to dismiss. However, where attached to the complaint, such exhibits are properly considered on a motion to dismiss. See Hal Roach Studios, 896 F.2d at 1555 n.19. The court notes that no party challenges the authenticity of the statutory notice document nor raises any other evidentiary objection to this exhibit.

(following the word "debt" in the challenged sentence) and therefore violates the notice requirements of section 1692g(a)(4).

Plaintiff's argument is not persuasive for several reasons. First, the court rejects the notion that only a verbatim recitation of the language contained in §1692g(a) complies with Congressional intent. Plaintiff cites no authority for this proposition and, furthermore, Congress knows how to require express verbatim notice, but did not do so here. See i.e. 12 C.F.R. PT. 226 App. G. Second, Plaintiff's argument ignores the context of the disclosure. The sentence preceding the challenged sentence (and the first sentence of the paragraph) specifically refers to "debt or any portion thereof" and provides the reader with notice that the debt collector will assume the validity of the "debt or any portion thereof" unless notified within 30 days. (FAC, Exh. 1). The second sentence (and challenged portion) provides the reader with notice that the debt collector will provide verification of the debt if so requested within 30 days. Explicit in this statement, the term "debt" simply means "the amount owed" which will be verified by the collection agency if so requested. Viewed in context, the use of the word "debt" in the challenged sentence is neither misleading nor confusing. Third, as paraphrased by the Ninth Circuit in Terran, §1292g(a)(4) simply requires "a statement that if the consumer disputes the debt, the debt collector will mail the consumer verification of the debt or a copy of a judgment." 109 F3d. at 1431. CMRE's statutory notice addressing 1292g(a)(4) provides "If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." (FAC, Exh 1). The language used in the statutory notice closely tracks and conveys the same information required by §1292g(a)(4) as identified in Terran.

The court concludes that under the applicable "least sophisticated consumer test," the challenged language, read in context, is not misleading or confusing. The "least sophisticated consumer is considered to have a rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences."

1  Slims v. GC Services L.P., 445 F.3d 959 (7th Cir. 2006).  Seen in this light, the
2  challenged portion of the notice fully complies with the notice requirements of 15
3  U.S.C. §1292g(a).
4       In sum, the motion to dismiss the only federal claim is granted.  Absent federal
5  question jurisdiction the court declines to exercise supplemental jurisdiction over the
6  state law claims and dismisses the state law claims for lack of subject matter
7  jurisdiction.
8       <u>The Motion to Strike</u>
9       Pursuant to Rule 12(f), Plaintiff moves to strike one sentence contained in
10 CMRE's reply brief.  In responding to an argument made by Plaintiff, CMRE states:

> Plaintiff opines at Page 6, Lines 15 to 16 of their (sic) opposition, "Plaintiff is hard-pressed to determine a legitimate reason why Defendant would fail to include the phrase 'or any portion thereof' in Defendant's letter". (sic) Either Plaintiff is blind, patently stupid, or is being led down the primrose path by an extremely careless lawyer.

14 (CMRE Reply at p. 5:10-16).  Plaintiff argues that the "comments cast Plaintiff and her
15 attorneys in a derogatory light, and serve no purpose other than to attempt to embarrass,
16 intimidate, and coerce Plaintiff and Plaintiff's attorneys."  (Motion at p.2:20-22).
17 Plaintiff seeks an award of attorney's fees to compensate her for having to bring the
18 motion to strike "as well as an amount deemed appropriate to deter Defendant and
19 others from making using such scandalous and impertinent language in the future."
20 (Motion at p.3:24-27).
21      The court concludes that the relief requested by Plaintiff is not available under
22 Rule 12(f).  Rule 12(f) permits the court to strike "from any pleading any insufficient
23 defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P.
24 12(f).  As the offending language was not contained in a pleading, Rule 12(f) cannot
25 serve as the procedural vehicle for striking language contained in motion papers.  See
26 Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885-886 (9th Cir. 1983).
27 Consequently, the Rule 12(f) motion is denied.
28      In sum, the motion to dismiss the FDCPA claim is granted, Plaintiff's Rule 12(f)

1 | motion to strike is denied, and the action dismissed.  The Clerk of Court is instructed
2 | to close the file.
3 | **IT IS SO ORDERED.**
4 | DATED:  November 5, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties